Matter of Bruce (2018 NY Slip Op 03921)





Matter of Bruce


2018 NY Slip Op 03921


Decided on May 31, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 31, 2018

Sweeny, J.P., Richter, Andrias, Kahn, Moulton, JJ.


6751 2579A/13

[*1]In re the Will of Louise Este Bruce, Deceased.
Richard J. Bowler, Petitioner-Respondent,
v
Ellen T. Benoit, et al., Respondents-Appellants, PNC Bank, et al., Respondents, Eric T. Schneiderman, etc., Respondent-Respondent.


Farrell Fritz, P.C., New York (Hillary A. Frommer of counsel), for appellants.
McCarthy Fingar LLP, White Plains (Frank W. Streng of counsel), for Richard J. Bowler, respondent.
Eric T. Schneiderman, Attorney General, New York (Mark S. Grube of counsel), for Eric T. Schneiderman, respondent.



Decree, Surrogate's Court, New York County (Nora S. Anderson, S.), entered June 22, 2017, upon a decision which granted petitioner's motion for summary judgment and denied respondents' motion for summary judgment, adjudging that decedent validly and effectively exercised her powers of appointment under her Last Will and Testament, and directing the trustees under the trust created under the Ellen Kaiser Bruce Will f/b/o decedent and the trustees of the 1969 trust, to distribute and deliver the remaining assets of such trusts to the legal representative of the Louise Este Bruce Foundation, unanimously affirmed, without costs.
A testator's intent is to be gleaned from "a sympathetic reading of the will as an entirety and in view of all the facts and circumstances under which the provisions of the will were framed" (Matter of Fabbri , 2 NY2d 236, 240 [1957]). If a dominant plan of distribution is evident, the various provisions must be interpreted in light of that purpose (see Matter of Larkin , 9 NY2d 88, 91 [1961]).
The parties agree that if read literally, the bequest of the appointive property to decedent's residuary estate was ineffective because it exceeded the powers granted to her in the 1969 trust agreement and in her mother's will. However, the court properly gave effect to decedent's clear intent to provide the appointive property to a charitable foundation. As the court noted, it makes no sense for decedent to have made a disposition of the appointive property that she knew would be ineffective. Moreover, Article Seventh of her will demonstrated her intention to have her residuary estate go to a charitable foundation. She also made separate bequests to respondents individually in Article Fourth of the will.
Respondents contend that the court improperly considered extrinsic evidence, when the Will was unambiguous. However, the court expressly stated that it was not considering extrinsic evidence and was focused on decedent's intent as manifested in the will, in its entirety.
We have considered respondents' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 31, 2018
CLERK